## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| G.B., *et al.*, § | |
|     Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-1358 |
| § | |
| HUMBLE INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
|     Defendant. § | |

## **MEMORANDUM AND ORDER**

Pending before this Court are Plaintiffs' Objections to the Report and Recommendations [Doc. # 15] issued by Magistrate Judge John Froeschner on May 30, 2008 [Doc. # 9], suggesting that Plaintiffs' case be dismissed for lack of subject matter jurisdiction. Plaintiff's Objections are timely filed. *See* 28 U.S.C. § 636(b)(1).

This case was referred to Magistrate Judge Froeschner pursuant to 28 U.S.C. § 636(b)(1)(B), which authorizes a magistrate to hold an evidentiary hearing, propose to the district court findings of fact, and a recommended disposition of the matter. *See Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir. 1984). "The magistrate's proposed findings of fact and recommendations are subject to *de novo* review by the district court, a review which includes an opportunity for the parties to object to the findings and recommendations of the magistrate." *McLeod, Alexander, Powel & Apffel, P.C.*

*v. Quarles*, 925 F.2d 853, 855 (5th Cir. 1991).  However, "[p]arties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

Plaintiffs filed this lawsuit pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), complaining about a decision made by the hearing officer assigned to adjudicate an upcoming due process hearing concerning Plaintiff G.B.'s individual education plan.  Plaintiffs seek access to Defendant Humble Independent School District's ("Humble ISD") Severe Communications Disorder ("SCD") classroom in order to prepare for the hearing.  The hearing officer denied the request, explaining that because the hearing will focus on a limited range of complaints, none of which implicate the SCD classroom, access to the classroom was unnecessary.  It is that decision that prompted this lawsuit.

Following a hearing on Plaintiffs' request for an emergency injunction providing them access to the SCD classroom, Magistrate Judge Froeschner issued his report and recommendations, concluding that the hearing officer's decision did not constitute a final order subject to review in federal court.  Plaintiffs object to the entirety of the report and largely reiterate arguments made in the briefing on their

motion for an injunction.

Under the IDEIA, a party aggrieved be decisions made by a school concerning the educational plan for a child entitled to services under the Act "shall have an opportunity for an impartial due process hearing . . . conducted by the State educational agency . . . ." 20 U.S.C. § 1415(f)(1)(A). "A decision made in a hearing . . . shall be final" and "[a]ny party aggrieved by the findings and decision made [at the hearing] . . . shall have the right to bring a civil action with respect to the complaint presented . . . in a district court of the United States." 20 U.S.C. §§ 1415(i)(1), (2)(A). In such an action, "the court . . . shall hear additional evidence at the request of a party," 20 U.S.C. § 1415(i)(2)(C)(ii), such as evidence that was improperly excluded by the administrative agency that conducted the due process hearing. *See Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293, 1298 (11th Cir. 2000) (citing *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790–91 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985)); *see also Marc V. v. N.E. Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 587 (W.D. Tex. 2006), *aff'd*, 242 F. App'x 271 (5th Cir. 2007).

In this case, Plaintiffs are seeking review of a pre-hearing discovery order. As Magistrate Judge Froeschner explains in his report and recommendations, such an order does not constitute a final order subject to review by the federal court, nor does it qualify as "collateral order" supporting interlocutory review. *See A-Mark Auction*

*Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 897 (5th Cir. 2000) ("[D]iscovery orders do not constitute final decisions under [the federal court's jurisdictional statute, 28 U.S.C.] § 1291 and are not immediately appealable." (citing *Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992))); *see also Wiwa v. Royal Dutch Petroleum*, 392 F.3d 812, 815 (5th Cir. 2004) ("[D]iscovery orders generally are not appealable under the . . . collateral order doctrine." (citing *Texaco Inc. v. La. Land & Exploration Co.*, 955 F.2d 43, 44 (5th Cir. 1993))).

Accordingly, having carefully reviewed the entire record of this case, including memoranda filed by the parties after Judge Froeschner issued his report, the Court concludes that Plaintiffs' objections lack merit. The issues to be decided at the upcoming due process hearing have been clearly defined by the hearing officer and appear quite narrow. The hearing officer has made rulings about the scope of discovery with reference to the issues to be tried. These pre-hearing rulings issued by the hearing officer are not properly the subject of an interlocutory appeal to federal court. Accordingly, the Court concludes that the Report and Recommendation, as supplemented by the Court's explanation herein, should be adopted as this Court's Memorandum and Order. It is therefore

**ORDERED** that Plaintiff's Objections to the Report and Recommendations are **DENIED**. It is further

**ORDERED** that the Magistrate Judge's Report and Recommendations is hereby **ADOPTED** as the Court's Memorandum and Order. It is further

**ORDERED** that Plaintiff's Motion for Emergency Injunction [Doc. # 6] is **DENIED** due to a lack of subject matter jurisdiction. It is finally

**ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **23rd** day of **June, 2008**.

_____
Nancy F. Atlas
United States District Judge